JAMES J. DONOHUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74002. Filed October 12, 1962.

*Sydney M. Eisenberg, Esq.,* and *Andrew F. Slaby, Esq.,* for the petitioner.

*William J. Wise, Esq.,* for the respondent.

FINDINGS OF FACT AND OPINION.

WITHEY, *Judge:* A deficiency in the income tax of petitioner has been determined by respondent for the taxable year 1954 in the amount of $3,282.54. The issue presented is whether the respondent has erred in adding to petitioner's gross income the amount of $8,392.23 as unreported gross receipts from petitioner's operation of a business.

Such facts as have been stipulated are found as stipulated.

Petitioner James J. Donohue filed a joint Federal income tax return for the taxable year 1954 with the district director of internal revenue at Milwaukee, Wisconsin. During that year one of his several business activities was a combination hotel, beer and liquor tavern, and liquor store, known as the Towne House, in Port Washington, Wisconsin. His income tax return correctly reflects the books and records kept in conjunction with the operation of the Towne House. There is no dispute between the parties as to the adequacy of the form of such books to reflect such operation. However, respondent and petitioner both agree in substance that the books and records of the Towne House do not reflect additional gross receipts which were, in 1954, embezzled by the accountant employed by petitioner to take and maintain complete control over the financial matters of the business.

We find as a fact that such is the case.

Respondent, in the statement attached to his deficiency notice, has added the amount first above mentioned to petitioner's gross income for the taxable year 1954. We think he was conservative in computing additional unreported gross income at that figure. The petitioner in his pleadings has alleged that the accountant embezzled the amount of an average of $100 to $150 from Towne House receipts each week during 1954. In his opening statement and his brief, he contends such embezzlement took place. In his testimony he has shown conclusively that in addition to $100 to $150 per week embezzlement the accountant, during 1954, charged certain purchases for his own use in undisclosed amounts to the Towne House account; that since petitioner's discovery of the embezzlement in a year subsequent to 1954, the accountant has made restitution in at least the amount of $700. We find these facts to be true.

Respondent has computed the total gross income from operation of the Towne House by the use of the mark-up method. We note that the amount of additional gross income thus arrived at, $8,392.23, is strikingly similar to the amount of the embezzlement figured at $150 for 52 weeks during 1954, or $7,800. The record shows and we find that additional undisclosed amounts were embezzled by way of charges unlawfully made to the Towne House account by the accountant. When the two defalcations are coupled it appears respondent's use of the mark-up method was remarkably apt and accurate. We find that petitioner had additional unreported income for 1954 in the amount of at least $8,392.23.

It appears that petitioner mistakenly believes that because of the embezzlement of his unreported income, having never individually and physically received the same in the taxable year at issue, he is not liable for income tax thereon. He cites no authority for his position and we know of none. To be sure, he would be entitled to a loss deduction with respect to an embezzled amount but only in the year of his discovery thereof. See section 165 (e), I.R.C. 1954. However. section 61 of the 1954 Code provides that gross income means "all income from whatever source derived, including (but not limited to) * * * Gross income derived from business."

We have found as a fact that petitioner derived $8,392.23 additional and unreported gross income from the operation of the Towne House business. Because petitioner in effect agrees that this amount was received as gross income, it is unnecessary for us to discuss or rule upon respondent's method of arriving at that figure.

*Decision will be entered under Rule 50.*